## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

**HAMMOCKS COMMUNITY ASSOCIATION INC.,**

                **PLAINTIFF,**

**vs.**                                  **CIVIL ACTION NO.**

**UNDERWRITERS AT LLOYD'S, LONDON,**

                **DEFENDANT.**

_____/

### NOTICE OF REMOVAL

TO:    Anthony M. Lopez, Esq.
          Kaneily A. Valdes, Esq.
          Marin, Eljaiek, Lopez & Martinez, P.L.
          2601 South Bayshore Drive, 18th Floor
          Coconut Grove, Florida 33133

      **COME NOW**, Defendants, Certain Underwriters at Lloyd's, London Subscribing to Policy No. B0507XEQ3052417 ("Underwriters"), by and through counsel, without waiving any affirmative defenses or objections herein, including, but not limited to, those defenses available under Federal Rules of Civil Procedure Rules 8 and 12 and/or Florida Rules of Civil Procedure Rules 1.100, *et seq.*, and without waiving Underwriters' right to seek dismissal and to compel arbitration of this dispute pursuant to the arbitration clause contained in the subject insurance policy, which requires that any disagreement in whole or in part regarding any aspect of the subject insurance policy be submitted to arbitration, hereby removes this cause (bearing Suit Number 2018-022154-CA-01) from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, State of Florida to the United States District Court for the Southern District of Florida and would show as follows:

1.      **Basis for Removal.**  Removal is supported by federal question under 28 U.S.C. §§ 1441 and 1446. Underwriters assert that there is a valid arbitration clause that falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, (also known as the "Convention"), and, thus, this Court has original jurisdiction pursuant to 9 U.S.C. §§ 202, 203 and 205. In removing this cause, Underwriters specifically preserve and do not waive any affirmative defenses whatsoever, including but not limited to any defenses under Rule 12 and/or Florida Rules of Civil Procedure Rules 1.100, *et seq.*, service of process and personal jurisdiction defenses, venue defenses, and the defense that Plaintiff's complaint fails to state a claim upon which relief can be granted. Underwriters also specifically preserve and give notice of their right to seek a stay of the litigation and to compel arbitration of this dispute. Underwriters will be filing a motion seeking that relief subsequent to the removal of this cause.

Plaintiff alleges that Underwriters issued Policy No. B0507XEQ3052417 to Plaintiff. (See Complaint attached as Ex. 1, ¶6 and Ex. A thereto[1]). Plaintiff alleges loss to property located at 9020 Hammocks Boulevard, Miami, Florida 33196 ("the Property") due to or arising out of Hurricane Irma, which occurred on September 10, 2017 ("the Loss"). (Ex. 1, ¶ 9). Plaintiff further alleges the Loss to the Property was covered under the Policy. (Ex. 1, ¶9). Plaintiff seeks recovery under the Policy for breach of contract, as well as attorney's fees pursuant to Florida Stat. §627.428 and/or §626.9373 (Ex. 1, ¶¶16-21).

---

[1] The Original Petition, including exhibits, is also made a part of the in-globo "State Court Record" filed herewith and marked as Exhibit 2.

PD.24285957.1

The Policy, attached to the Complaint as Ex. A, states the following:

**CONDITIONS**

12.    **ARBITRATION**

If the Assured and Underwriters fail to agree in whole or in part regarding any aspect of this Policy, each party shall, within ten (10) days after the demand in writing by either party, appoint a competent and disinterested arbitrator and the two chosen shall before commencing the arbitration select a competent and disinterested umpire. The arbitrators together shall determine such matters in which the Assured and Underwriters shall so fail to agree and shall make an award thereon, and if they fail to agree, they will submit their differences to the umpire and the award in writing of any two, duly verified, shall determine the same.

The Parties to such arbitration shall pay the arbitrators respectively appointed by them and bear equally the expenses of the arbitration and the charges of the umpire.

*See* Ex. A, p. 12 of 33.

Underwriters invoked their right to arbitrate the matters in dispute via letter dated September 13, 2018. Regardless of whether any demand for arbitration has been made, the fact that suit has been filed for losses allegedly covered under the Policy warrants removal under the Convention.

Underwriters are partially comprised of the following non-exclusive list of citizens of countries other than the United States[2]:

- Syndicate 1200 is an unincorporated association, the managing agent of which is Argo Managing Agency Limited, registered in England and Wales with its principal place of business in London, England. 54% of Syndicate 1200's underwriting capital is provided by the corporate member Argo 604 Limited, which is registered in England and Wales and has its principal place of business in London, England;

---

[2] The below listing is an incomplete list of the Underwriters participating on the risk. The list is not intended to be exhaustive but merely to show the extent to which entities that are citizens of countries other than the United States.

- Syndicate 1886 is an unincorporated association, the managing agent of which is QBE Underwriting Limited, registered in England and Wales with its principal place of business in London, England. The sole corporate member is QBE Corporate Limited, which is registered in England and Wales and has its principal place of business in London, England;

- Syndicate 2003 is an unincorporated association, the managing agent of which is Catlin Underwriters Agencies Limited, registered in England and Wales with its principal place of business in London, England. The sole corporate member is Catlin Syndicate Limited, which is registered in England and Wales and has its principal place of business in London, England;

- Syndicate 1945 is an unincorporated association, the managing agent of which is Sirius International Managing Agency Limited, registered in England and Wales with its principal place of business in London, England. The sole corporate member is Sirius International Corporate Member Limited, registered in England and Wales and has its principal place of business in London, England; and

- Syndicate 1183 is an unincorporated association, the managing agent of which is Talbot Underwriting Limited, registered in England and Wales with its principal place of business in London, England. The sole corporate member of syndicate 1183 at Lloyd's of London is Talbot 2002 Underwriting Capital Limited, registered in England and Wales with its principal place of business in London, England. The sole member of Talbot Underwriting Limited is Talbot Underwriting Holdings Ltd, registered in England and Wales with its principal place of business in London, England.

4

PD.24285957.1

2.      **The State Court Action.**  The state court action which is removed to this Court is

styled:

### IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

**HAMMOCKS COMMUNITY ASSOCIATION INC.,**

                                    **Case No.:  2018-022154-CA-01**

**vs.**

**UNDERWRITERS AT LLOYD'S, LONDON.**

_____ /

and was filed in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade

County, Florida. This matter arises out of an alleged breach of an insurance contract on a

property insurance claim. A copy of the state circuit court file will be filed with the court in the

time provided under the Federal Rules and is otherwise attached hereto as Exhibit 2.

3.      **Propriety of Removal.**  This action is properly removed under 28 U.S.C. Section

1441 and 9 U.S.C. §205 to the Southern District of Florida, as the district embracing the Circuit

Court of the Eleventh Judicial Circuit in and for Miami-Dade County, State of Florida in which

the state court action was pending.

The Convention is an international treaty that guarantees citizens of signatory countries

the right to enforce agreements to arbitrate disputes. As the Supreme Court has explained, "[t]he

goal of the convention, and the principal purpose underlying American adoption and

implementation of it, was to encourage the recognition and enforcement of commercial

arbitration agreements and international contracts and to unify the standard by which the

agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries."

*Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 520 n. 15 (1974). Over one hundred counties have

signed the Convention, including the United States, Germany and the United Kingdom of Great

Britain and Northern Ireland. In 1970, Congress enacted Chapter 2 of the Federal Arbitration Act, 9 U.S.C. §§ 201-208, ("the "Convention Act") "to establish procedures for our courts to implement the Convention." *McDermott Int'l, Inc. v. Lloyd's Underwriters of London*, 944 F.2d 1199, 1208 (5th Cir. 1991).

The Convention Act is part of the Arbitration Act, 9 U.S.C. § 1 et seq. Chapter 1 of Title 9 is the Federal Arbitration Act ("FAA"). Chapter 2 of Title 9 is the Convention Act. Section 208 of the Convention Act incorporates the FAA into Convention Act to the extent the FAA is not inconsistent with the Convention Act or the Convention. *See* 9 U.S.C. § 208.

This cause is properly removed based on federal question, the FAA and the referenced provisions of the Convention Act, including but not limited to Section 202, which provides:

> An arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract, or agreement described in section 2 of this title, falls under the Convention. An agreement or award arising out of such a relationship which is entirely between citizens of the United States shall be deemed not to fall under the Convention unless that relationship involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states. For the purpose of this section a corporation is a citizen of the United States if it is incorporated or has its principal place of business in the United States.

Article II of the Convention further clarifies which arbitration agreements are subject to the Convention. Article II states, in pertinent part, as follows:

> 1.     Each Contracting State shall recognize an agreement in writing under which the parties undertake to submit to arbitration all or any differences which have arisen or which may arise between them in respect of a defined legal relationship, whether contractual or not, concerning a subject matter capable of settlement by arbitration.
>
> 2.     The term "agreement in writing" shall include an arbitral clause in a contract or an arbitration agreement, signed by

PD.24285957.1

the parties or contained in an exchange of letters or telegrams.

Section 205 of the Convention Act provides that:

> Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending. The procedure for removal of causes otherwise provided by law shall apply, except that the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal.

9 U.S.C. §205.

This court and the Eleventh Circuit have routinely acknowledged removal and jurisdiction on this basis. *See Antillean Marine Shipping Corp. v. Through Transport Mut. Ins., Ltd.*, 2002 WL 32075793 (S.D. Fla. 2002); *Bautista v. Star Cruises*, 396 F.3d 1289 (11th Cir. 2005); *Latoja v. Carnival Corp.,* 144 Fed. Appx. 101 (11th Cir. 2005). *See also Bamberger Rosenheim, Ltd. (Israel) v. OA Development, Inc.*, 862 F.3d 1284 (11th Cir. 2017); *Indus. Risk Insurers v. M.A.N. Gutehoffnungshütte GmbH*, 141 F.3d 1434, 1441 (11th Cir. 1998).

Here, at least some portion of the Members/Names insuring the risk undertaken by Underwriters are citizens of countries other than the United States.[3] As such, there can be no question that the dispute involves parties that are citizens of countries other than the United States. The entirety of the dispute filed by Plaintiff against Underwriters regards multiple aspects of the Policy, which includes the mandatory enforcement of the arbitration provision due to the

---

[3] *See Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1083 (11th Cir. 2010) (Lloyd's itself "is not an insurance company, but rather a British organization that provides infrastructure for the international insurance market… It is thus not Lloyd's but rather individual underwriters operating within the Lloyd's infrastructure that underwrite policies… These underwriters are known as 'Names' or 'members,' and they can be individual persons or business entities of varying nationalities"). Because the citizenship of "Lloyd's" is not what must be considered, Underwriters identify several of the Names/Members and their citizenship to establish the presence of an international citizen that is a party to the arbitration agreement.

presence of multiple parties that are citizens of countries other than the United States. Under Florida law, arbitration provisions contained in insurance agreements have been upheld, particularly when the FAA and/or the Convention Act are triggered. *See VVG Real Estate Investments LLC v. Underwriters at Lloyd's, London*, No. 18-cv-61237, 2018 WL 3722960 (S.D. Fla. Aug. 1, 2018); *Port Cargo Service, LLC and Michoud Blvd. Commerce Center, LLC v. Certain Underwriters at Lloyd's London, et al.*, No. 18-cv-06192 (S.D. Fla. Aug. 24, 2018); *Kong v. Allied Professionals Ins. Co.*, 2008 WL 2853677 (M.D. Fla. 2008); *Antillean Marine Shipping Corp. v. Through Transport Mut. Ins., Ltd.*, 2002 WL 32075793 (S.D. Fla. 2002). Thus, there is no basis upon which to argue state law prohibits application of the Convention Act.

The remaining components required for application of the Convention are likewise satisfied.

4.      **Timeliness.**   Section 205 of the New York Convention expressly states that the case may be removed on this basis "at any time before trial." *Sheinberg v. Princess Cruise Lines, Ltd.*, 269 F. Supp. 2d 1349, 1352 (S.D. Fla. 2003); *Acosta v. Norwegian Cruise Line, Ltd.*, 303 F. Supp. 2d 1327, 1329 (S.D. Fla. 2003). Thus, removal is timely.

5.      **Notice to Others.**   In accordance with 28 U.S.C. Section 1446(d), Underwriters will promptly give notice to all parties in writing, and shall file a copy of the notice of filing of notice of removal with the Clerk of the state court.

**WHEREFORE**, Defendants, Certain Underwriters at Lloyd's, London Subscribing to Policy No. B0507XEQ3052417 remove this action from the Circuit Court of the Eleventh Judicial District in and for Miami-Dade County, State of Florida, to the United States District Court for the Southern District of Florida.

8

Respectfully submitted this 14th day of September, 2018.

PHELPS DUNBAR LLP

BY:   s/ Jonathan E. Lewerenz
             Matthew L. Litsky, Esq.
             Florida Bar No. 992194
             matthew.litsky@phelps.com
             Jonathan E. Lewerenz, Esq.
             Florida Bar No. 84432
             jonathan.lewerenz@phelps.com
             100 South Ashley Drive, Suite 1900
             Tampa, Florida  33602-5311
             Telephone: 813-472-7550
             Facsimile: 813-472-7570

             ATTORNEYS FOR DEFENDANTS, CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO POLICY NO. B0507XEQ3052417

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that a true and correct copy of the foregoing Notice of Removal of a Civil Action was served by E-mail on September 14, 2018 on all counsel of record on the Service List below:

             s/ Jonathan E. Lewerenz
             Attorney

PD.24285957.1

## **SERVICE LIST**

Anthony M. Lopez, Esq.
Kaneily A. Valdes, Esq.
Marin, Eljaiek, Lopez & Martinez, P.L.
2601 South Bayshore Drive, 18th Floor
Coconut Grove, Florida 33133
(305) 444-5969
(305) 444-1939 (FAX)
Eservice@mellawyers.com
Mellaw3@mellawyers.com

*Attorneys for Plaintiff*